## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COE LIVING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANALOG DEVICES, INC., JAMES A. ) | **CASE NO.: 1:20-cv-11682** |
| CHAMPY, ANANTHA P. ) | |
| CHANDRAKASAN, BRUCE R. EVANS, ) | **COMPLAINT FOR** |
| EDWARD H. FRANK, LAURIE H. ) | **VIOLATION OF FEDERAL** |
| GLIMCHER, KAREN M. GOLZ, MARK M. ) | **SECURITIES LAWS** |
| LITTLE, VINCENT ROCHE, KENTON J. ) | |
| SICCHITANO, RAY STATA, and SUSIE ) | |
| WEE, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Coe Living Trust ("Plaintiff"), by its undersigned attorneys, alleges the following

on information and belief, except as to the allegations specifically pertaining to Plaintiff, which

are based on personal knowledge.

## NATURE AND SUMMARY OF THE ACTION

1.      Plaintiff, a stockholder of Analog Devices, Inc. ("Analog" or the "Company")

brings this action against the members of Analog's Board of Directors (the "Board" or the

"Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange

Commission ("SEC") Rule 14a-9, and 17 C.F.R. § 240.14a-9, arising out of their attempt to merge

the Company with Maxim Integrated Products, Inc. ("Maxim") through Analog's wholly-owned

subsidiary, Magneto Corp. ("Merger Sub").

2.      On July 13, 2020, the Company announced that it had entered into a definitive

agreement and plan of merger ("Merger Agreement") on July 12, 2020, by which the Company

will merge with Maxim (the "Proposed Transaction").  Under the terms of the Merger Agreement, Analog will issue Maxim stockholders 0.630 shares of Analog common stock in exchange for each share of Maxim common stock (the "Merger Consideration").

3.      On August 18, 2020, the Board approved the filing of a Form S-4 Registration Statement (the "Registration Statement") by Analog with the United States Securities & Exchange Commission.  The Registration Statement is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding (i) the financial projections of Analog and Maxim that were relied upon by the Board's financial advisors, Morgan Stanley & Co. LLC ("Morgan Stanley") and BofA Securities, Inc. ("BofA Securities") in recommending the Proposed Transaction; and (ii) the financial analyses conducted by Morgan Stanley and BofA Securities, Inc. that supported their fairness opinions.

4.      Without additional information the Registration Statement is materially misleading in violation of federal securities laws.

5.      By unanimously approving the Proposed Transaction and authorizing the issuance of the Registration Statement, the Individual Defendants participated in the solicitation even though they knew, or should have known, that the Registration Statement was materially false and/or misleading. The Registration Statement is an essential link in accomplishing, and receiving stockholder approval for, the Proposed Transaction.

6.      On September 4, 2020, Maxim issued a Definitive Proxy Statement that contained the same materially false and misleading omissions.

7.      The Analog stockholder vote on the Proposed Transaction is scheduled for October 8, 2020 (the "Stockholder Vote"). Under the Merger Agreement, following a successful Stockholder Vote, the Proposed Transaction will be consummated.

8. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants (collectively identified below) from conducting the Stockholder Vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of Analog common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

10. Personal jurisdiction exists over each Defendant either because each has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the conduct at issue had an effect in this District, as the Company is incorporated and headquartered in this District.

## PARTIES AND RELEVANT NON-PARTIES

12. Plaintiff is, and has been at all relevant times, the owner of Analog common stock.

13. Defendant Analog is a Massachusetts corporation with principal executive offices at One Technology Way, Norwood, Massachusetts 02062. Analog is a leader in the design, manufacture and marketing of a broad portfolio of solutions that leverage high-performance analog, mixed-signal and digital signal processing technology, including integrated circuits, algorithms, software and subsystems. Analog common stock is listed for trading on the NASDAQ under the ticker symbol "ADI."

14.     Defendant James A. Champy is, and at all relevant times has been, a director of the Company.

15.     Defendant Anantha P. Chandrakasan is, and at all relevant times has been, a director of the Company.

16.     Defendant Bruce R. Evans is, and at all relevant times has been, a director of the Company.

17.     Defendant Edward H. Frank is, and at all relevant times has been, a director of the Company.

18.     Defendant Laurie H. Glimcher is, and at all relevant times has been, a director of the Company.

19.     Defendant Karen M. Golz is, and at all relevant times has been, a director of the Company.

20.     Defendant Mark M. Little is, and at all relevant times has been, a director of the Company.

21.     Defendant Vincent Roche is, and at all relevant times has been, the President and Chief Executive Officer of the Company.

22.     Defendant Kenton J. Sicchitano is, and at all relevant times has been, a director of the Company.

23.     Defendant Ray Stata is, and at all relevant times has been, the Chairman of the Board of the Company. Defendant Stata cofounded the Company in 1965.

24.     Defendant Susie Wee is, and at all relevant times has been, a director of the Company.

25.     Defendants referenced in ¶¶ 14 through 24 are collectively referred to as Individual

Defendants and/or the Board.

**FURTHER SUBSTANTIVE ALLEGATIONS**

26.     On July 13, 2020, the Company issued a press release announcing the Proposed

Transaction. The Press Release read in relevant part:

> NORWOOD, Mass. & SAN JOSE, Calif.--(BUSINESS WIRE)--Jul. 13, 2020-
> - Analog Devices, Inc. (Nasdaq: ADI) and Maxim Integrated Products, Inc.
> (Nasdaq: MXIM) today announced that they have entered into a definitive
> agreement under which ADI will acquire Maxim in an all stock transaction that
> values the combined enterprise at over $68 billion. The transaction, which was
> unanimously approved by the Boards of Directors of both companies, will
> strengthen ADI as an analog semiconductor leader with increased breadth and
> scale across multiple attractive end markets.
>
> Under the terms of the agreement, Maxim stockholders will receive 0.630 of a
> share of ADI common stock for each share of Maxim common stock they hold
> at the closing of the transaction. Upon closing, current ADI stockholders will
> own approximately 69 percent of the combined company, while Maxim
> stockholders will own approximately 31 percent. The transaction is intended to
> qualify as a tax-free reorganization for U.S. federal income tax purposes.
>
> "Today's exciting announcement with Maxim is the next step in ADI's vision
> to bridge the physical and digital worlds. ADI and Maxim share a passion for
> solving our customers' most complex problems, and with the increased breadth
> and depth of our combined technology and talent, we will be able to develop
> more complete, cutting-edge solutions," said Vincent Roche, President and
> CEO of ADI. "Maxim is a respected signal processing and power management
> franchise with a proven technology portfolio and impressive history of
> empowering design innovation. Together, we are well-positioned to deliver the
> next wave of semiconductor growth, while engineering a healthier, safer and
> more sustainable future for all."
>
> "For over three decades, we have based Maxim on one simple premise – to
> continually innovate and develop high-performance semiconductor products
> that empower our customers to invent. I am excited for this next chapter as we
> continue to push the boundaries of what's possible, together with ADI. Both
> companies have strong engineering and technology know-how and innovative
> cultures. Working together, we will create a stronger leader, delivering
> outstanding benefits to our customers, employees and shareholders," said Tunç
> Doluca, President and CEO of Maxim Integrated.

Upon closing, two Maxim directors will join ADI's Board of Directors, including Maxim President and CEO, Tunç Doluca.

**Compelling Strategic and Financial Rationale**

- Industry Leader with Increased Global Scale: The combination strengthens ADI's analog semiconductor leadership position with expected revenue of $8.2 billion and free cash flow of $2.7 billion on a pro forma basis. Maxim's strength in the automotive and data center markets, combined with ADI's strength across the broad industrial, communications and digital healthcare markets are highly complementary and aligned with key secular growth trends. With respect to power management, Maxim's applications-focused product offerings complement ADI's catalog of broad market products.
- Enhanced Domain Expertise & Capabilities: Combining best-in-class technologies will enhance ADI's depth of domain expertise and engineering capabilities from DC to 100 gigahertz, nanowatts to kilowatts and sensor to cloud, with more than 50,000 products. This will enable the combined company to offer more complete solutions, serve more than 125,000 customers and capture a larger share of a $60 billion total addressable market.
- Shared Passion for Innovation-led Growth: The combination brings together similar cultures focused on talent, innovation and engineering excellence with more than 10,000 engineers and approximately $1.5 billion in annual research and development investment. The combined company will continue to be a destination for the most talented engineers in multiple domains.
- Earnings Accretion & Cost Savings: This transaction is expected to be accretive to adjusted EPS in 18 months subsequent to closing with $275 million of cost synergies by the end of year two, driven primarily by lower operating expenses and cost of goods sold. Additional cost synergies from manufacturing optimization are expected to be realized by the end of year three subsequent to closing.
- Strong Financial Position & Cash Flow Generation: ADI expects the combined company to yield a stronger balance sheet, with a pro forma net leverage ratio of approximately 1.2x. This transaction is also expected to be accretive to free cash flow at close, enabling additional returns to shareholders.

**Timing and Approvals**

The transaction is expected to close in the summer of 2021, subject to the satisfaction of customary closing conditions, including receipt of U.S. and certain non-U.S. regulatory approvals, and approval by stockholders of both companies.

**Advisors**

Morgan Stanley served as lead financial advisor to ADI. BofA Securities also served as a financial advisor. Wachtell, Lipton, Rosen & Katz served as legal counsel. J.P. Morgan served as exclusive financial advisor to Maxim, and Weil, Gotshal & Manges LLP served as legal counsel

## The Registration Statement Misleads Analog Stockholders by Omitting Material Information

27.     On August 18, 2020, the Board approved the filing of the materially misleading and incomplete Registration Statement with the SEC.  Designed to convince Analog's stockholders to vote in favor of the Proposed Transaction, the Registration Statement is rendered misleading by the omission of critical information concerning the financial projections of the Company, Maxim and the pro forma combined company, and the financial analyses conducted by Morgan Stanley and BofA Securities, Inc.

### *Financial Projections*

28.     The summary of the financial analyses conducted by the Company's financial advisor, BofA Securities, states that the advisor:

> (3) reviewed certain financial forecasts relating to Maxim prepared by the management of Maxim, which are referred to as the "Maxim forecasts"; (4) reviewed an alternative version of the Maxim forecasts incorporating certain adjustments thereto made by the management of Analog Devices, which is referred to as the "adjusted Maxim forecasts," and discussed with the management of Analog Devices its assessments as to the relative likelihood of achieving the future financial results reflected in the Maxim forecasts and the adjusted Maxim forecasts; (5) reviewed certain internal financial and operating information with respect to the business, operations and prospects of Analog Devices furnished to or discussed with BofA Securities by the management of Analog Devices, including certain financial forecasts relating to Analog Devices prepared by the management of Analog Devices, which are referred to as the "Analog Devices forecasts";

29.     The summary of Morgan Stanley's analysis similarly states that Morgan Stanley:

> reviewed certain financial projections for Maxim (which are referred to as the "Maxim Financial Projections") and Analog Devices, respectively, prepared by the managements of Maxim or Analog Devices, and an alternative version of

the Maxim Financial Projections incorporating certain adjustments thereto made by management of Analog Devices

30.     However, the Registration Statement omits the projected line items used to calculate the respective projected unlevered free cash flows and Adjusted EBITDA for the Company and Maxim for the years 2020 through 2029, including, but not limited to, net income, taxes, depreciation and amortization, and stock-based compensation.  The omission is materially misleading because the cash flow projections that formed the basis for the analyses of BofA Securities and Morgan Stanley were management's best estimates of the Company's future results and did not originate from some other source.

31.     The above-referenced omitted information relating to the financial projections of the parties to the Proposed Transaction significantly alters the total mix of information available to Analog's stockholders regarding the future value of the Company after it acquires Maxim.  Thus, the omission of this projected financial information serves to prevent Company stockholders from evaluating the fairness analyses conducted by Morgan Stanley and BofA Securities, or to perform their own valuation of the Company.

### The Valuation Analyses and Fairness Opinions of Analog's Financial Advisors

32.     The Registration Statement describes the fairness opinion of Morgan Stanley and BofA Securities, Analog's financial advisors, and the various valuation analyses it performed in support of their opinions.  However, the description of the fairness opinions and analyses of BofA Securities and Morgan Stanley fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Analog stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley and BofA Securities' fairness opinions in determining how to cast their vote on

the Proposed Transaction.  This omitted information, if disclosed, would significantly alter the total mix of information available to Analog stockholders.

33.     With respect to Morgan Stanley's *Relative Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow for both Maxim and Analog; (ii) the terminal values for Analog and Maxim; (iii) Morgan Stanley's basis for applying perpetual growth rates ranging from 1.5% to 2.5%; (iv) the individual inputs and assumptions underlying the discount rate range of 5.6% to 7.3% for Analog and 5.1% to 7.0% for Maxim; (v) the terminal values of the Company and Maxim; and (vi) net debt for the Company and for Maxim.

34.     With respect to Morgan Stanley's *Relative Public Trading Multiples Analysis*, the Registration Statement fails to disclose the individual multiples observed for each of the selected publicly traded companies, or even summary metrics for these companies.

35.     With respect to BofA Securities' *Selected Publicly Traded Companies Analysis* of Maxim, the Registration Statement fails to disclose the individual multiples observed for each of the eleven selected publicly traded companies.

36.     With respect to BofA Securities' *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow for Maxim; (ii) the terminal value of these cash flows for Maxim; (iii) the individual inputs and assumptions underlying the discount rate range of 7.25% to 9.25% where Morgan Stanley had used drastically different rates for Maxim; (v) the number of shares assumed outstanding for Maxim; and (vi) the amount of net cash assumed for Maxim.

37.     With respect to BofA Securities' *Selected Publicly Traded Companies Analysis* of Analog, the Registration Statement fails to disclose the individual multiples observed for each of the eleven selected publicly traded companies.

38.     With respect to BofA Securities' *Discounted Cash Flow Analysis* of Analog, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow for Analog; (ii) the terminal value of these cash flows for Analog; (iii) the individual inputs and assumptions underlying the discount rate range of 7.00% to 9.00% where Morgan Stanley had used drastically different rates for Maxim; (v) the number of shares assumed outstanding for Analog; and (vi) the net debt assumed for Analog.

39.     Defendants' failure to provide Analog stockholders with the foregoing material information renders the statements in the *Opinion of BofA Securities* and *Opinion of Morgan Stanley* section of the Registration Statement false and/or materially misleading.

40.     Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Analog**

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Analog is liable as the issuer of these statements.

43.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

44.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

45.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

46.     The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

47.     By reason of the foregoing, Defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

48.     Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants acted as controlling persons of Analog within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Analog and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

51.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

53.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

54.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.


Dated:  September 11, 2020          **LEVI & KORSINSKY, LLP**

By:  /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
Sebastiano Tornatore (BBO# 686175)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Fax: (212) 363-7171
Email:  shopkins@zlk.com
        stornatore@zlk.com

- and -

Donald J. Enright (to be admitted pro hac vice)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
Email:  denright@zlk.com
          etripodi@zlk.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 11, 2020.

Dated: September 11, 2020                    */s/Shannon L. Hopkins*
                                            Shannon L. Hopkins